**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-7050**

───────────

THEODORE JERRY BOLICK,

             Plaintiff - Appellant,

       v.

BRYAN STIRLING; TERRIE WALLACE; LIEUTENANT SUMTER; LIEUTENANT WRIGHT; LIEUTENANT ROBB; GREGORY FORNESS; KIRKLAND MEDICAL STAFF; OLUWAKEMI BABATUNDE; CATHY GRIMES; JOYALYN ESKEW,

             Defendants - Appellees.

───────────

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  R. Bryan Harwell, Chief District Judge.  (5:21-cv-03800-RBH-KDW)

───────────

Submitted:  December 20, 2022                    Decided:  December 27, 2022

───────────

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Dismissed in part, affirmed in part by unpublished per curiam opinion.

───────────

Theodore Jerry Bolick, Appellant Pro Se.  William Henry Davidson, II, DAVIDSON, WREN & DEMASTERS, Columbia, South Carolina, for Appellees.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theodore Jerry Bolick, a state prisoner, appeals the district court's order dismissing the request for a preliminary injunction contained in his 42 U.S.C. § 1983 complaint and denying his associated motion for a preliminary injunction as moot, and the court's subsequent order denying Bolick's motion to reconsider the denial of the injunction. We dismiss in part and affirm in part.

In civil cases, parties have 30 days after the entry of a district court order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Here, the district court entered its order dismissing the portion of Bolick's complaint requesting a preliminary injunction on May 23, 2022. Bolick filed his notice of appeal on August 29, 2022.[1] Because Bolick failed to file a timely notice of appeal as to this order or to obtain an extension or reopening of the appeal period,[2] we dismiss this portion of the appeal for lack of jurisdiction.

We do, however, have jurisdiction over Bolick's appeal of the district court's order denying his motion to reconsider the denial of a preliminary injunction. *See* 28 U.S.C.

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Bolick could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Although Bolick filed a motion to reconsider within the appeal window, because that motion is properly construed as filed pursuant to Fed. R. Civ. P. 54(b), it did not toll the appeal period applicable to the underlying order. *See* Fed. R. App. P. 4(a)(4)(A).

§ 1292(a)(1); *see also Petrella v. Brownback*, 787 F.3d 1242, 1254-55 (10th Cir. 2015). We review for abuse of discretion the denial of a Fed. R. Civ. P. 54(b) motion to reconsider an interlocutory order. *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256-57 (4th Cir. 2018). Upon review, we discern no abuse of discretion in the district court's denial of that motion. We therefore affirm that order. *Bolick v. Stirling*, No. 5:21-cv-03800-RBH-KDW (D.S.C. Aug. 23, 2022). We further deny Bolick's motion for appointment of counsel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3